**Edward M. ROWLEY, Plaintiff and Appellant,**

v.

**BOARD OF EDUCATION OF DUCHESNE COUNTY SCHOOL DISTRICT, Defendant and Respondent.**

**No. 15087.**

Supreme Court of Utah.

March 7, 1978.

George E. Mangan, Roosevelt, for plaintiff and appellant.

Oscar W. McConkie, Jr., Ray R. Christensen, Salt Lake City, for defendant and respondent.

HALL, Justice:

Plaintiff appeals from a summary judgment of dismissal of his suit challenging the procedures followed in declining to renew his teaching contract. He asserts the court erred in granting summary judgment in the face of factual issues that warranted a trial.

Defendant's motion was entitled "motion to dismiss," however, in accordance with the rules,[1] the court treated it as a motion for summary judgment since both of the parties presented matters outside the pleadings consisting of defendant's answers to interrogatories and plaintiff's affidavit in response thereto.

The pleadings, as supplemented, reveal that plaintiff was under contract with defendant to teach during the 1974–1975 school year. On March 26, 1975, he committed an assault upon a student which prompted the defendant to suspend him from his teaching duties by letter dated April 4, 1975. However, by letter dated April 11, 1975, he was permitted to return to his teaching duties on a probationary basis "until removed by formal Board action." Subsequently, plaintiff was charged by Roosevelt City with assault and battery and was convicted thereof. He then requested and received an audience with defendant board at their meeting held July 1, 1975, at which time the assault incident was discussed and plaintiff urged his retention as a teacher. After plaintiff left the board voted to discharge him.

Plaintiff again appeared before defendant board on July 10, 1975, to urge his retention as a teacher and again a vote was taken to discharge him. He was then notified by letter dated July 14, 1975, that his teaching contract would not be renewed for the 1975–1976 school year. Thereafter, plaintiff sought and obtained a hearing before the board on December 11, 1975, at which he was represented by counsel. A further hearing was held on December 17, 1975, also attended by plaintiff and he was represented by counsel. At that hearing evidence was presented pertaining to the March 26, 1975, incident.

Plaintiff's initial pleading in this matter (the complaint he filed) admitted that the

---

1. Rule 12(c), U.R.C.P.

assault occurred and that he was subsequently convicted thereof by Roosevelt City. He concedes that defendant could discharge him for cause but attempts to raise a factual issue by contending that if the assault incident was such "cause" it chose not to discharge him but placed him on probation allowing him to continue employment so long as the conditions thereof were met. As a consequence, he further contends that he was entitled to the notice protections of the Utah Orderly School Termination Procedures Act [2] which requires notice of intention not to renew be given at least two months prior to the end of the school year, and that since no such notice was given [3] he should be deemed as re-employed for the succeeding school year.

Summary judgment is provided for by Rule [4] and is appropriate if supported by evidence, admissions and inferences which, when viewed in the light most favorable to the loser, shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Viewing the facts presented to the court below in this light, it appears that it properly concluded that none of the material facts were in dispute and that defendant was entitled to judgment as a matter of law.

Plaintiff does not actually dispute the facts, he merely urges that they be interpreted differently than did the trial court. His contention that the probationary status afforded him was a final and complete adjudication of his actions in the assault incident, and hence no "cause" remained to terminate him after his criminal conviction is simply an after-thought as is evidenced by his completely contrary actions and conduct in seeking and obtaining two appearances before the board, *prior to his dismissal for cause*, at which times he sought to convince the board that he should not be terminated. His actions were also totally inconsistent with any concept that the pro-

bation constituted a waiver or compromise of the board's ultimate authority to dismiss for cause.

The reasonable, and in fact the compelling, inferences to be drawn from all of the facts and circumstances are that probation was afforded as an act of grace, a privilege, and a presumption of innocence until proven guilty of the offense charged, and upon conviction the board exercised its prerogative to dismiss plaintiff for cause.

The determination that cause existed to dismiss forecloses plaintiff's remaining contention that he is protected by the automatic contract renewal provisions of the Utah Orderly School Termination Act.[5] The portions of the act he relies upon read as follows:

53–51–5. *Required provisions of termination procedures adopted by district.*—The orderly dismissal procedure adopted by a district shall provide:

(1) Right to a fair hearing.

(2) If the district intends not to renew [the] contract of employment of an individual entitled to employment in succeeding years according to district personnel program, notice of such intention shall be given the individual. Said notice shall be issued at least two months before the end of the contract term of the individual, e. g., the school year. The notice in writing shall be served by personal delivery or by certified mail addressed to the individual's last known address. The notice shall be dated and contain a clear and concise statement that the individual's contract will not be renewed for an ensuing term and the reasons for the termination.

(3) In the absence of timely notice, a subparagraph (2) employee is deemed to be re-employed for the succeeding contract term with a salary based upon the salary schedule applicable to the class of employee into which the individual falls. *This provision shall not be construed to preclude the dismissal of an employee*

---

**2.** U.C.A. 1953, 53–51–1 thru 9.

**3.** In this instance such notice would have been required by March 22, 1975.

**4.** Rule 56, U.R.C.P.

**5.** Supra, footnote 2.

*during his contract term for cause.* [Emphasis added.]

\*    \*    \*    \*    \*    \*

It is readily apparent that the foregoing statute afforded plaintiff an automatic renewal of his teaching contract four days prior to the assault incident which supports the cause for dismissal, but, by its own terms set forth in the last sentence of subparagraph (3), it specifically provides that its provisions shall not preclude a dismissal for cause during a contract term.

Affirmed. No costs awarded.

ELLETT, C. J., and CROCKETT, MAUGHAN and WILKINS, JJ., concur.